IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **5 STAR FITNESS-COPPELL, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2481-L** |
| | § | |
| **DALLAS MAGNOLIA SHOPPING** | § | |
| **CENTER DALLAS, TX. L.L.C.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Dallas Magnolia Shopping Center Dallas, TX. L.L.C.'s Motion

to Dismiss or, in the Alternative, to Transfer Venue (Doc. 6), filed July 31, 2012. After carefully

reviewing the motion, briefing, pleadings, and applicable law, the court rather than granting

Defendant' Motion to Dismiss for improper venue, in the interest of justice, **transfers** this action to

the Western District of New York, pursuant to 28 U.S.C. § 1406(a). Accordingly, the court **grants**

Defendant Dallas Magnolia Shopping Center Dallas, TX. L.L.C.'s Motion to Transfer Venue, and

**denies as moot** Defendant Dallas Magnolia Shopping Center Dallas, TX. L.L.C.'s Motion to

Dismiss.

## I.    Background

Plaintiff 5 Star Fitness-Coppell, LLC ("Plaintiff") brought this action on July 23, 2012,

against Defendant Dallas Magnolia Shopping Center Dallas, TX. L.L.C. ("Defendant"), asserting

claims for breach of contract and promissory estoppel. Plaintiff also seeks a declaration regarding

its rights under the Assignment, Assumption, and Amendment of Lease entered into between the

parties on February 10, 2008. Defendant moved to dismiss for lack of proper venue. Alternatively,

Defendant requests that the court transfer this case to the United States District Court for the Western District of New York in accordance with the mandatory venue provision in the parties' Assignment, Assumption, and Amendment of Lease that provides for venue in a court in Monroe County, New York.

## II.  Motion to Dismiss for Improper Venue

Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper. *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003); *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002). In resolving a Rule 12(b)(3) motion, "the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B. V.*, 570 F.3d 233, 238 (5th Cir. 2009) (internal quotation marks omitted). Under the general venue statute, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Section 1391 further provides that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action . . . ." 28 U.S.C. § 1391(c)(2).  If the district court of a district in which is filed determines that venue is improper, it must dismiss the case or

may, in the interest of justice, transfer it to a district or division where it could have been brought. 28 U.S.C. § 1406(a).

Defendant contends that venue in Texas is improper because the parties agreed that any litigation involving the Assignment, Assumption, and Amendment of Lease would be litigated in Monroe County, New York. Defendant therefore contends that the case should be dismissed for improper venue, or, alternatively, transferred to the Western District of New York, where Monroe County is located. Plaintiff counters that their claims do not fall within the scope of the Assignment containing the venue provision. Plaintiff contends that venue provision applies to the Assignment but not the Lease and its claims and request for declaratory relief involves only the Lease. Even if its claims are subject to the venue provision, Plaintiff argues that venue provision does not provide for exclusive or mandatory venue because the venue provision refers only to the general geographic area of Monroe County, New York, and does not specify an exclusive court or venue.

The court is not persuaded by Plaintiff's arguments. The venue provision at issue states, "Any litigation or dispute regarding the subject matter of the Assignment, Assumption and Amendment of Lease shall be adjudicated in a court within the jurisdiction located in Monroe County, New York." Pl.'s Compl., Exh. A at 2. Plaintiff attempts to distinguish between the "Assignment" and "Lease"; however, the "Assignment, Assumption, and Amendment of Lease" attached to Plaintiff's Complaint is a single document, and it is this document that forms the basis of their claims and contains the venue provision at issue. Further, the cases cited by Plaintiff are distinguishable because the venue provision in this case does not merely contain a geographic area or designation. Rather, it refers to a court within Monroe County, New York. Accordingly, this case should have been brought in "a court within Monroe County, New York," which could be a state or

federal court as long as such court is geographically located in Monroe County. Venue in the Northern District of Texas is therefore improper, and Defendant is entitled to dismissal of this action pursuant to Rule 12(b)(3) for improper venue.

## III.  Conclusion

For the reasons herein stated, the court determines that this case should have been brought in a court in Monroe County, New York, pursuant to the mandatory venue provision in the Assignment, Assumption, and Amendment of Lease.  Monroe County, New York, is in the Western District of New York.  *See* 28 U.S.C. § 112(d).  Rochester, New York, which is located in Monroe County, is one of the cities where the Western District of New York holds court.  *See id*.  The court, rather than grant Defendant's Motion to Dismiss and dismiss this action without prejudice for improper venue, in the interest of justice, **transfers** the action to the Western District of New York, Rochester Division, pursuant to 28 U.S.C. § 1406(a). Accordingly, the court **grants** Defendant Dallas Magnolia Shopping Center Dallas, TX. L.L.C.'s Motion to Transfer Venue, and **denies as moot** its Motion to Dismiss.

**It is so ordered** this 16th day of November, 2012.


_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge